NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50176 |
| Plaintiff-Appellee, | D.C. No. 3:19-mj-23221-FAG-H-1 |
| v. | |
| EFRAIN CERVANTES-RAMIREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted August 3, 2021
Pasadena, California

Before: PAEZ, CALLAHAN, and BENNETT, Circuit Judges.

Defendant Efrain Cervantes-Ramirez appeals the district court's decision that

affirmed the magistrate judge's acceptance of his guilty plea to the crime of

attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). Cervantes-Ramirez

claimed knowledge of alienage was an element of that offense. The magistrate judge

rejected Cervantes-Ramirez's contention and so did not recite knowledge of alienage

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

as an element of the offense during the plea colloquy. Cervantes-Ramirez nonetheless entered a guilty plea and then appealed to the district court, which also rejected his contention. We have jurisdiction pursuant to 28 U.S.C. § 1291 to consider Cervantes-Ramirez's appeal of those decisions, and we affirm.

In a case consolidated for argument with this one, we held that 8 U.S.C. § 1325(a) is a regulatory offense, and knowledge of alienage is not an element of the offense. *United States v. Rizo-Rizo*,[1] No. 20-50172, slip op. at 3 (9th Cir. Oct. 29, 2021). As a result, we reject Cervantes-Ramirez's contention here and affirm his conviction.

**AFFIRMED**.

---

[1] The parties jointly moved to consolidate the cases for argument because they "raise[d] identical legal issues," and the briefs filed by Cervantes-Ramirez and Rizo-Rizo advanced identical arguments.